UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VASCUVISION, LLC,                                          **REPORT AND RECOMMENDATION**

                          Plaintiff,                           10-CV-00476(S)(M)

v.

LIN TELEVISION CORPORATION;
GANNETT CO., INC.; AND
SINCLAIR BROADCAST GROUP, INC.,

                          Defendants.
_____

                In its First Amended Complaint [3],[1] plaintiff VascuVision, LLC ("VascuVision") asks this court to declare that its system for the transmission of paid commercial advertisements does not infringe defendants' copyrighted television broadcasts. Defendants LIN Television Corporation ("LIN"), Gannett Co., Inc. ("Gannett") and Sinclair Broadcast Group, Inc. ("Sinclair") have moved pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) to dismiss the action, either for lack of subject matter jurisdiction or in the exercise of the court's discretion [23]. That motion, being dispositive, has been referred to me by Hon. William M. Skretny for a Report and Recommendation [20]. Oral argument was held on March 28, 2011 [26]. For the following reasons, I recommend that the motion be denied.

---

[1]      Bracketed references are to CM-ECF docket entries.

## BACKGROUND

VascuVision alleges that it "manufactures an distributes an electronic device . . . for the transmission of paid commercial advertisements via an independent source input to a display device such as a television". First Amended Complaint [3], ¶8. By letter dated June 3, 2010 (id., Ex. A) defendant LIN, the owner and operator of WIVB-TV (Channel 4) and WNLO-TV (Channel 23) in Buffalo, notified VascuVision that "since the broadcast content of WIVB and WNLO is copyrighted, the display by VascuVision of advertisements and commercial promotions in connection with those broadcasts constitutes copyright infringement".

LIN demanded that VascuVision "immediately cease and desist from selling or offering for sale your service, at least to the extent that LIN's copyrighted broadcasts are shown or capable of being shown as part of your service", and stated that it "will reserve its right to pursue legal remedies". Id. LIN also warned VascuVision that "[e]ach copyrighted show is a separate infringement, so VascuVision's liability exposure could reach many millions of dollars in a very short time". Id. Defendants Gannett and Sinclair issued similar letters within days thereafter (First Amended Complaint [3], Ex. C, E), and Gannett's letter also warned that "[a]ny further unauthorized insertions or replacements will be considered willful copyright infringement".

VascuVision disputes defendants' claims of infringement (*see* First Amended Complaint [3], ¶29 and Ex. B, D, and F) and asks this court for judgment "[d]eclaring that the

use of the Device does not infringe upon any of the copyrights of Defendants . . . under the federal Copyright Act". Id., p.7, ¶1.

Having initially pled lack of subject matter jurisdiction as an affirmative defense (Answer [10], ¶33), defendants now seek dismissal of the action on that basis.[2]  "[W]here jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists." Bruce Winston Gem Corp. v. Harry Winston, Inc., 2010 WL 3629592, *1 (S.D.N.Y. 2010).

## ANALYSIS

**A.     Is There a "Controversy"?**

The Declaratory Judgment Act authorizes the court, "[i]n a case of actual controversy within its jurisdiction", to "declare the rights and other legal relations of any interested party". 28 U.S.C. §2201(a).  However, the Act "does not enlarge the jurisdiction of the federal courts". Concerned Citizens of Cohocton Valley, Inc. v. New York State Dept. of Environmental Conservation, 127 F.3d 201, 206 (2d Cir. 1997).  "[A] declaratory judgment action must therefore have an independent basis for subject matter jurisdiction." Id.

To sustain Article III jurisdiction, a "case or controversy" must exist at all stages of the proceeding.  "The Constitution permits this Court to decide legal questions only in the

---

[2] Since the action cannot proceed absent subject matter jurisdiction, I suggested that defendants move to dismiss, so that the issue could be decided sooner rather than later. January 25, 2011 Text Order [21].

context of actual 'Cases' or 'Controversies' . . . . An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Alvarez v. Smith, 130 S.Ct. 576, 580 (2009).

In arguing that no "case or controversy" exists, defendants claim that VascuVision "does not identify specific VascuVision devices that may infringe (*i.e.*, any Devices that stream defendants' programming), leaving defendants unaware of Plaintiff's true allegations, and preventing an *actual* controversy". Defendants' Memorandum of Law [23-1], p.6 (emphasis in original). However, as evidenced by the parties' correspondence, there is no uncertainty as to what device is at issue. The only uncertainty is as to whether that device infringes - defendants claiming that it does, and VascuVision claiming that it does not. Defendants' suggestion that their "cease and desist" letters were "merely stating their legal rights and remedies *if* VascuVision was displaying copyrighted content" (defendants' Reply [25], p.2, emphasis added) cannot be squared with the letters themselves, which are not couched in conditional language.

Equally unpersuasive is defendants' argument that VascuVision "does not identify any specific copyrights owned by any of the three defendants or that any of defendants' programming is or has been displayed by any VascuVision Device". Defendants' Memorandum of Law [23-1], p.6. The fact that no actual display of copyrighted programming through the use of VascuVision's device has yet been discovered is not dispositive of this motion, since LIN has demanded that VascuVision "immediately cease and desist from selling or offering for sale your service . . . to the extent that LIN's copyrighted broadcasts are shown *or capable of being shown* as part of your service". First Amended Complaint [3], Ex. A (emphasis added). It is clear from

oral argument that VascuVision's device is capable of - and is marketed for - activities which defendants would consider to be infringement:

> THE COURT: "Your position I take it would be that . . . if they switch in and insert a commercial during [a] copyrighted broadcast then it is infringement, right?
>
> DEFENDANTS' ATTORNEY: That's right . . . . Channel 4 would probably only own the copyright to news shows . . . .
>
> THE COURT: So if they inserted a commercial during a news show at noon or six or five or whatever, then you would say that is an infringement?
>
> DEFENDANTS' ATTORNEY: Right."
>
> \* \* \*
>
> THE COURT: "So you are offering a service that would enable the customer to insert commercials during WIVB's noon news show?
>
> VASCUVISION'S ATTORNEY: "That is correct, Your Honor."[3]

While defendants note that their "letters did not threaten an immediate lawsuit" (defendants' Memorandum of Law [23-1], p.8), such a threat is not necessary for jurisdiction to arise. Although some courts had previously required a "reasonable apprehension of imminent suit" in order to sustain jurisdiction (*see, e.g.*, Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1333 (Fed. Cir. 2005)), the Supreme Court has clarified that "the reasonable-apprehension-of-suit test . . . conflicts with our decisions". MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 132, n.11 (2007). "Thus, a specific threat of infringement litigation . . . is not required to establish jurisdiction, and a declaratory judgment action cannot be defeated simply by

---

[3] Quotations were transcribed in chambers from the digital recording of the March 28, 2011 oral argument.

the stratagem of a correspondence that avoids magic words such as 'litigation' or 'infringement.'" ABB Inc. v. Cooper Industries, LLC, 635 F.3d 1345, 1348 (Fed. Cir. 2011); *see also* Venugopal v. Terru Products, Ltd., 2009 WL 1468462, *3 (W.D.N.Y. 2009) (Curtin, J.)

Instead, "[t]he true test is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'". Venugopal, *3 (*quoting* MedImmune, 549 U.S. at 127). "It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative." Aetna Life Insurance Co. Of Hartford v. Haworth, 300 U.S. 227, 244 (1937). For example, "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise". SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1381 (Fed. Cir. 2007).

As in SanDisk, defendants here assert rights (albeit under copyrights rather than patents)[4] "based on certain ongoing or planned activity of another party" (*i.e.*, VascuVision's marketing of a device that allows the placement of commercials during copyrighted broadcasts), and VascuVision "contends that it has the right to engage in the accused activity without license". The parties' dispute "is manifestly susceptible of judicial determination. It calls, not for

---

[4] Although SanDisk involved a patent rather than copyrights, "for the purposes of this kind of analysis (i.e. 'case or controversy') there is no valid analytical distinction to be drawn between patents, trademarks, and copyrights." State of Texas v. West Publishing Co., 681 F.Supp. 1228, 1230, n.1 (W.D.Tex. 1988), aff'd, 882 F.2d 171 (5th Cir. 1989), cert. denied, 493 U.S. 1058 (1990).

an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon contested facts". Aetna Life, 300 U.S. at 465.

Therefore, I conclude that the parties' dispute presents a "controversy" sufficient to confer subject matter jurisdiction.

**B.     If Subject Matter Jurisdiction Exists, May the Court Decline
        to Issue Declaratory Relief?**

In the alternative, defendants argue that this court has "sound discretion" to decline the exercise of declaratory jurisdiction even if subject matter jurisdiction does exist. Defendants' Memorandum of Law [23-1], p.7. Under the circumstances of this case, I disagree.

Although the "determination whether to exercise declaratory jurisdiction is denominated as discretionary, . . . a district court is *required* to entertain a declaratory judgment action (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Starter Corp. v. Converse, Inc., 84 F.3d 592, 597 (2d Cir. 1996) (emphasis added).

If defendants' position is correct, then even if the customer selects the timing for insertion of commercials, VascuVision could be liable as a contributory infringer any time one of defendants' copyrighted broadcasts is affected, by "provision of machinery or goods that facilitate the infringement". Matthew Bender & Co., Inc. v. West Publishing Co., 158 F.3d 693, 706 (2d Cir.), cert. denied, 526 U.S. 1154 (1998). As LIN points out, "[e]ach copyrighted show

is a separate infringement, so VascuVision's liability exposure could reach many millions of dollars in a very short time". First Amended Complaint [3], Ex. A.

Moreover, Gannett has warned that "[a]ny further unauthorized insertions or replacements will be considered willful copyright infringement". First Amended Complaint [3], Ex. C. The standard for willful infringement "is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded that possibility", Hamil America Inc. v. GFI, 193 F.3d 92, 97 (2d Cir. 1999), and a finding of willful infringement could subject VascuVision to additional liability under 17 U.S.C. §504(c)(2).

In the face of these warnings by defendants, VascuVision should not have to await the commencement of infringement litigation to test whether its device does or does not infringe - for by that time, VascuVision may already be subject to substantial liability if defendants' position is correct. "[T]he policy animating the Declaratory Judgment Act . . . is to enable parties to adjudicate their disputes *before* either suffers great damage". Starter Corp., 84 F.3d at 596 (emphasis added). *See also* Thunder Basin Coal Co. v. Tuco, Inc.,156 F.R.D. 665, 671 (D.Wyo. 1994), aff'd, 104 F.3d 1205 (10th Cir. 1997) ("the declaratory judgment statute . . . does not require litigants to wait until the 'damage has been done'").

"Here, a [declaratory] judgment will resolve the demonstrated uncertainty between the parties that generated this controversy, and a judgment will serve a useful purpose by identifying which, if either, of the parties . . . may lawfully proceed with its planned business ventures." Nothing Heavy Inc. v. Levinson, 2010 WL 4968137, *4 (S.D.N.Y. 2010).

**CONCLUSION**

For these reasons, I recommend that defendants' motion to dismiss [23] be denied. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by June 9, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 23, 2011

                                            /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge